

FILED

DEC - 7 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DEC 07 2007

IN THE UNITED STATES DISTRICT
FOR THE NORHTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COASTAL CONVERTORS, INC.,      )
                               )
         Plaintiff,            )
                               )    07cv6904
    vs.                        )    JUDGE SHADUR
                               )    MAG. JUDGE NOLAN
ROSENTHAL MANUFACTURING        )
COMPANY, INC.,                 )
                               )
         Defendant.            )

## COMPLAINT

Plaintiff Coastal Convertors, Inc., by and through their attorney, George E. Weaver, for its complaint against Defendant Rosenthal Manufacturing Company, Inc., states as follows:

### INTRODUCTION

1.  Plaintiff, as the buyer of a machine known as a "sheeter", brings this action against defendant, the seller, for breach of contract and for breach of express and implied warranties.

### PARTIES

2.  Plaintiff is a corporation organized under the laws of Canada, having its principal place of business in Delta, British Columbia, Canada, and, as such, is a citizen of Canada.

3.  Defendant is an Illinois corporation with its principal place of business in Northbrook, Illinois and, as such, is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional minimum of $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because, *inter alia*, defendant's place of business is within the Northern District of Illinois, Eastern Division.

## GENERAL ALLEGATIONS OF FACT

6. Defendant is a manufacturer of sheeters which slit and cut (known as "hits") sheets of polyethylene "foam".

7. Plaintiff is in the business of cutting sheets of polyethylene foam to the specifications of its customers which, in turn, produce products from these custom cut polyethylene sheets.

8. Prior to the sale agreement between the parties, which is alleged below, defendant was very familiar with plaintiff's operations and of the sheeters that were in place at that facility and defendant's representative stated to plaintiff's representatives that defendant could provide plaintiff with a machine that would exceed plaintiff's requirement of obtaining 30 hits per minute.

9. Based upon that representation, plaintiff ordered a sheeter from defendant and defendant agreed to provide the aforesaid machine as evidenced by defendant's Quotation, Invoice, Certificates of Origin documentation and Canada Customs Invoice, which are collectively attached hereto as Exhibit A.

10. In addition to the representations made by defendant that the aforementioned sheeter would make at least 30 hits per minute, defendant also promised that the sheeter would be delivered within 90 days from the date that plaintiff paid a deposit of one-third of the purchase price.

11. Plaintiff paid the deposit to defendant on September 14, 2005, with that check clearing plaintiff's account on September 23, 2005.

12. Contrary to the aforementioned representations and contractual terms, the sheeter was not delivered to plaintiff until April 6, 2006.

13. Further in breach of the defendant's representations and the terms of the parties' agreement, the sheeter did not, and does not, operate so as to produce 30 hits per minute and, indeed, will not even reach 20 hits per minute and has jammed and otherwise malfunctioned despite efforts to correct the malfunctions.

14. As a result of defendant's breach of the aforementioned agreement and representations, plaintiff has been damaged by: the loss of monies it has paid for the sheeter; the inability to fill its customers orders; the inability to accept certain new orders from its previous customers and prospective customers; increased labor costs; the cost of outside contractors; the additional waste of product; and, the loss of good will, all in excess of $1,000,000.

## COUNT I

### (Breach of Contract)

15. Plaintiff realleges paragraphs 1-14 as if fully set forth herein.

16. Plaintiff has performed, and caused to be performed, all of its obligations under the contract and any and all conditions precedent to defendant's obligations have been satisfied.

17. Defendant is in material breach of the terms of its agreement with plaintiff.

18. As a direct and proximate result of defendant's breach of contract, plaintiff has suffered and will suffer damages in excess of $1,000,000.

## COUNT II

### (Breach of Express Warranty)

19. Plaintiff realleges paragraphs 1-14 as if fully set forth herein.

20. Defendant has breached the express representations, statements and warranty that the sheeter it would supply to plaintiff would be fully operational and produce 30 hits per minute.

21. As a result of the foregoing breach of express warranty, plaintiff has been damaged in excess of $1,000,000.

## COUNT III

### (Breach of Implied Warranty of Merchantability)

22. Plaintiff realleges paragraphs 1-14 as if fully set forth herein.

23. Defendant's sale of the sheeter, in the defective condition described above, was in breach of defendant's implied warranty of merchantability.

24. As a result of the foregoing breach of the implied warranty merchantability, plaintiff has been damaged in excess of $1,000,000.

## **COUNT IV**

### (Breach of Implied Warranty of Fitness for a Particular Purpose)

25. Plaintiff realleges paragraphs 1-14 as if fully set forth herein.

26. Defendant knew the particular purpose for which the sheeter was to be used by plaintiff.

27. Defendant knew that plaintiff was relying on defendant's skill and judgment to supply plaintiff with a suitable sheeter.

28. The sheeter that defendant delivered to plaintiff was not fit for the particular purposes for which plaintiff ordered the sheeter.

29. As a result of the foregoing breach of warranty of fitness for a particular purpose, plaintiff has been damaged in excess of $1,000,000.

## **REQUEST FOR RELEASE**

Plaintiff Coastal Convertors, Inc. requests judgment in its favor against Defendant Rosenthal Manufacturing Company, Inc. for an amount in excess of $1,000,000, together with costs and such other relief and the court shall deem proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

_____
Attorney for Plaintiff

George E. Weaver
LAW OFFICE OF GEORGE E. WEAVER
105 East First Street, Suite 203
Hinsdale, IL 60521
(630) 321-9810
ARDC #2953412

# ROSENTHAL SHEETING SYSTEM

**ROSENTHAL MFG. CO., INC.**
1840 Janke Drive, Northbrook, Illinois 60062-6709
Phone: (847) 714-0404
Fax: (847) 714-0440
Toll Free: (800) 621-1266
e-mail: info@rosenthalmfg.com

## QUOTATION No. 12024

**Date:** September 08, 2005

### PREPARED FOR

Pal Distributors Inc.
1901 - C   Logan Ave.

Winnipeg, MB  R2R 0H6 Canada
Phone:  2046972880
Fax:    2046972881
**ATTN:** Jack McLaughlin

### LIMITED WARRANTY

The ROSENTHAL SHEETER is guaranteed against defective parts (excluding wearing of blades), material, and workmanship for a period of 2 years (at 8 hours per day). Defective parts are to be shipped prepaid to Rosenthal Mfg. Co, Inc. for repair or replacement. We assume no responsibility for damage to customer's stock or raw materials or loss of production. This warranty is void if the Sheeter is not paid for within terms.

In response to your inquiry, we submit the following quotation subject to the terms on the reverse side of this document:

| Quantity | | Description | Price |
|---|---|---|---|
| 1 | WAS-7- | 84" WIDTH SHEETER & VARISPEED 4"MIN.LENGTH FOR SHEETING LDPE FOAM 1/16" -3/32" | |
| 5 | | UNWIND STAND FOR ROLLS UP TO 36" OD -  3" ID - MAX CAPACITY 100LBS - DRAG BRAKE - FOR 5 ROLLS | |
| 1 | E | STATIC ELIMINATOR | |
| 1 | AA | CUT LENGTH TOLERANCE +/- 1/16"(PER 36" ON STABLE MATERIAL) | |
| 1 | PLC | ALLEN BRADLEY PLC WITH PANEL VIEW DISPLAY | |
| 1 | PS | PIN STACKER - MAX  24" LONG SHEET - 10" MAX STACK HEIGHT - PINS RETRACT FOR UNLOADING | |
| 1 | | LIGHT CURTAIN | |
| 1 | | CRATING | |
| 1 | | MODIFY UNWINDS TO SAVE SPACE AS PER OPTION 1 - Add $2,500 | |

\*\*\* MODEL NUMBER   WAS-7-EAAPLCPS         TOTAL USD ...      $82,100

*Accepted 09/15/05* [signature]

| TERMS | With Satisfactory Credit References 33% Deposit With Order. 33% prior to shipment. Balance - Net 30 Days | SHIPPING DATE 120 Days from Receipt of Order and Deposit |
|---|---|---|
| FOB EX WORKS | Northbrook, IL | David Rosenthal |
| VALID FOR | 30 Days | By _____ |

GROUP EXHIBIT A



# ROSENTHAL

**Invoice**

1840 Janke Drive, Northbrook, IL 60062 USA
tel 847-714-0404 fax 847-714-0440
support@rosenthalmfg.com

Customer ID: COACON01
Order ID:
Invoice ID: 46637

③

| Bill To: | Ship To: |
|---|---|
| COASTAL CONVERTERS<br>9969 RIVER WAY<br>UNIT 140<br>DELTA, BC V4G 1M8<br>CANADA TEL#604-588-4850 | COASTAL CONVERTERS<br>9969 RIVER WAY<br>UNIT 140 (ATTN: JENN)<br>DELTA, B.C. V4G 1M8<br>CANADA TEL#604-588-4850 |

| Invoice Date | Customer P.O. NO. | Salesperson | Ship Via | Order NO. |
|---|---|---|---|---|
| 4/20/2006 | JIM McLAUGHLIN | DAVID | CUSTOMER PICK UP | 11001 |

| Order Qty | Ship Qty | Back Order | Part ID | Description | U/M | Unit Price | Total Price |
|---|---|---|---|---|---|---|---|
| 1.00 | 1.00 | 0.00 | SN-81173 | COASTAL CONVERTORS (PAL)-WAS-7-EAAZPLCPS<br>0.00 | EA | $84,010.00 | $84,010.00 |
| 1.00 | 1.00 | 0.00 | MISC- | ADDED RAZOR SLITTING (4 SLITS)<br>0.00 | EA | $0.00 | $0.00 |
| 1.00 | 1.00 | 0.00 | SN-81173-GST | COASTAL CONVERTORS PIN STACKER<br>0.00 | EA | $0.00 | $0.00 |
| 1.00 | 1.00 | 0.00 | MISC- | AS PER QUOTE NO.12288<br>0.00 | EA | $0.00 | $0.00 |

|  |  |
|---|---|
| SUB TOTAL | $84,010.00 |
| PRE-INVOICED AMOUNT | ($84,010.00) |

**PREPAY**   **TOTAL AMOUNT DUE**   $0.00

A SERVICE CHARGE OF 1.5% PER MONTH WILL BE ADDED TO ACCOUNTS OVER 30 DAYS.
RETURNS NOT ACCEPTED WITHOUT OUR AUTHORIZATION - SUBJECT TO 20% RESTOCKING CHARGE.
PAYABLE IN U.S. DOLLARS.

For your convenience we now accept VISA and Mastercard.

DEPARTMENT OF THE TREASURY
UNITED STATES CUSTOMS SERVICE

NORTH AMERICAN FREE TRADE AGREEMENT
## CERTIFICATE OF ORIGIN

④ Approved through 1
OMB No. 15
See back of form for
work Reduction Act

Please print or type 19 CFR 181.11, 181.22

| 1. EXPORTER NAME AND ADDRESS | 2. BLANKET PERIOD (DD/MM/YY) |
|---|---|
| ROSENTHAL MFG. CO., INC.<br>1840 JANKE DRIVE<br>NORTHBROOK, ILLINOIS 60062 U.S.<br>TEL.NO.847-714-0404<br>TAX IDENTIFICATION NUMBER: | FROM 19/10/2005<br>TO 31/05/2006 |
| 3. PRODUCER NAME AND ADDRESS<br>SAME AS EXPORTER<br>TAX IDENTIFICATION NUMBER: | 4. IMPORTER NAME AND ADDRESS<br>COASTAL CONVERTERS<br>9969 RIVER WAY UNIT 140<br>DELTA, B.C. V4G 1M8   CANADA<br>TAX IDENTIFICATION NUMBER: |

| 5. DESCRIPTION OF GOOD(S) | 6. HS TARIFF CLASSIFICATION NUMBER | 7. PREFERENCE CRITERION | 8. PRODUCER | 9. NET COST | 10. COUNTRY OF ORIGIN |
|---|---|---|---|---|---|
| ORDER ID: 11001<br>PURCHASE ORDER NUMBER VERBAL: JIM MCLAUGHLIN<br><br>84 INCH WIDE SHEETER/CUTTING MACHINE<br>MODEL NUMBER WAS-7-EAAPLCPSZ<br>SERIAL NUMBER 81173 | 8441.80.0000 | B | YES | NC | U |

I CERTIFY THAT:

- THE INFORMATION ON THIS DOCUMENT IS TRUE AND ACCURATE AND I ASSUME THE RESPONSIBILITY FOR PROVING SUCH REPRESENTATIONS. I UNDERSTAND THAT I AM LIABLE FOR ANY FALSE STATEMENTS OR MATERIAL OMISSIONS MADE ON OR IN CONNECTION WITH THIS DOCUMENT;

- I AGREE TO MAINTAIN, AND PRESENT UPON REQUEST, DOCUMENTATION NECESSARY TO SUPPORT THIS CERTIFICATE, AND TO INFORM, IN WRITING, ALL PERSONS TO WHOM THE CERTIFICATE WAS GIVEN OF ANY CHANGES THAT COULD AFFECT THE ACCURACY OR VALIDITY OF THIS CERTIFICATE;

- THE GOODS ORIGINATED IN THE TERRITORY OF ONE OR MORE OF THE PARTIES, AND COMPLY WITH THE ORIGIN REQUIREMENTS SPECIFIED FOR THOSE GOODS IN THE NORTH AMERICAN FREE TRADE AGREEMENT, AND UNLESS SPECIFICALLY EXEMPTED IN ARTICLE 411 OR ANNEX 401, THERE HAS BEEN NO FURTHER PRODUCTION OR ANY OTHER OPERATION OUTSIDE THE TERRITORIES OF THE PARTIES; AND

- THIS CERTIFICATE CONSISTS OF [1] PAGES, INCLUDING ALL ATTACHMENTS.

| 11. | 11a. AUTHORIZED SIGNATURE<br>*Jane Cortez* | 11b. COMPANY<br>ROSENTHAL MFG.CO., INC. |
|---|---|---|
| | 11c. NAME (Print or Type)<br>JANE CORTEZ | 11d. TITLE<br>CUSTOMER RELATIONS |
| | 11e. DATE (DD/MM/YY)<br>19/10/2005 | 11f. TELEPHONE NUMBER (Voice) 847-714-0404  (Facsimile) 847-714-0440 |

**Revenue Canada / Customs and Excise**

# CANADA CUSTOMS INVOICE

Page 1 of 1

**1. Vendor (Name and Address)**
ROSENTHAL MFG. CO., INC.
1840 JANKE DRIVE
NORTHBROOK, ILLINOIS 60062 U.S.
TEL. NO. 847-714-0404

**2. Date of Direct Shipment to Canada**

**3. Other References (Include Purchaser's Order No.)**
VERBAL ORDER PER JIM McLAUGHLIN

**4. Consignee (Name and Address)**
COASTAL CONVERTERS
9969 RIVER WAY UNIT 140
DELTA, B.C.   V4G 1M8
CANADA   TEL#604- 588-4850

**5. Purchaser's Name and Address (If other than Consignee)**
SAME AS CONSIGNEE

**6. Country of Transhipment**

**7. Country of Origin of Goods**
U.S.

**8. Transportation: Give Mode and Place of Direct Shipment to Canada**
TRUCK

**9. Conditions of Sale and Terms of Payment**
66% DEPOSIT BALANCE NET-30

**10. Currency of Settlement**
U.S. DOLLARS

| 11. No. of Pkgs. | 12. Specification of Commodities | 13. Quantity (State Unit) | 14. Unit Price | 15. Total |
|---|---|---|---|---|
| 1 | ORDER ID: 11001<br>PURCHASE ORDER VERBAL JIM McLAUGHLIN<br><br>84 INCH WIDE SHEETER/CUTTING MACHINE<br>MODEL NUMBER WAS-7-KAAPLCPSZ<br>SERIAL NUMBER 81173 | 1 | $84,010.00 | USD84,010.00 |

**18.** If any of fields 1 to 17 are included on an attached commercial invoice, check this box ☐
Commercial Invoice No.

**16. Total Weight** Net / Gross

**17. Invoice Total**

**19. Exporter's Name and Address (if other than Vendor)**
SAME AS VENDOR

**20. Originator (Name and Address)**
ROSENTHAL MFG. CO., INC.
1840 JANKE DRIVE
NORTHBROOK, ILLINOIS 60062 U.S.

**21. Departmental Ruling (if applicable)**

**22.** If fields 23 to 25 are not applicable, check this box ☐

**23. If included in field 17 indicate amount**
(i) Transportation charges, expenses and insurance from the place of direct shipment to Canada   $_____
(ii) Costs for construction, erection and assembly incurred after importation into Canada   $_____
(iii) Export packing   $_____

**24. If not included in field 17 indicate amount**
(i) Transportation charges, expenses and insurance to the place of direct shipment to Canada   $_____
(ii) Amounts for commissions other than buying commissions   $_____
(iii) Export packing   $_____

**25. Check (if applicable):**
(i) Royalty payments or subsequent proceeds are paid or payable by the purchaser ☐
(ii) The purchaser has supplied goods or services for use in the production of these goods ☐

TOPS FORM 3128 LITHO IN U.S.A. DEPARTMENT OF NATIONAL REVENUE — CUSTOMS AND EXCISE