**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| COASTAL CONVERTORS, INC., | |
| *Plaintiff* | No. 07 C 6904 |
| v. | Judge Milton I. Shadur |
| ROSENTHAL MANUFACTURING COMPANY, INC., | Magistrate Judge Nan R. Nolan |
| *Defendant* | |

**ROSENTHAL MANUFACTURING COMPANY, INC.'S**
**ANSWER TO COMPLAINT**

Rosenthal Manufacturing Company, Inc. ("Rosenthal"), by its undersigned attorneys,

hereby answers Coastal Convertors, Inc.'s ("Coastal") Complaint as follows:

**INTRODUCTION**

1.      Plaintiff, as the buyer of a machine known as a "sheeter", brings this action against defendant, the seller, for breach of contract and for breach of express and implied warranties.

**ANSWER:**     Rosenthal admits the allegations contained in paragraph 1.

**PARTIES**

2.      Plaintiff is a corporation organized under the laws of Canada, having its principal place of business in Delta, British Columbia, Canada, and, as such, is a citizen of Canada.

**ANSWER:**     Rosenthal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2.

3.      Defendant is an Illinois corporation with its principal place of business in Northbrook, Illinois and, as such, is a citizen of the State of Illinois.

**ANSWER:**     Rosenthal admits the allegations contained in paragraph 3.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional minimum of $75,000, exclusive of interest and costs.

**ANSWER:**      Rosenthal admits that there is complete diversity of citizenship between the

parties.  Rosenthal lacks knowledge or information sufficient to form a belief as to

the truth of the  remaining allegations contained in paragraph 4.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, defendant's place of business is within the Northern District of Illinois, Eastern Division.

**ANSWER:**      Rosenthal admits the allegations contained in paragraph 5.

## GENERAL ALLEGATIONS OF FACT

6.      Defendant is a manufacturer of sheeters which slit and cut (known as "hits") sheets of polyethylene "foam".

**ANSWER:**      Rosenthal admits the allegations contained in paragraph 6.

7.      Plaintiff is in the business of cutting sheets of polyethylene foam to the specifications of its customers which, in turn, produce products from these custom cut polyethylene sheets.

**ANSWER:**      Rosenthal lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 7.

8.      Prior to the sale agreement between the parties, which is alleged below, defendant was very familiar with plaintiff's operations and of the sheeters that were in place at that facility and defendant's representative stated to plaintiff's representatives that defendant could provide plaintiff with a machine that would exceed plaintiff's requirement of obtaining 30 hits per minute.

**ANSWER:**      Rosenthal denies the allegations contained in paragraph 8.

9.      Based upon that representation, plaintiff ordered a sheeter from defendant and defendant agreed to provide the aforesaid machine as evidenced by defendant's Quotation,

2

Invoice, Certificates of Origin documentation and Canada Customs Invoice, which are collectively attached hereto as Exhibit A.

**ANSWER:**    Rosenthal admits that Coastal ordered a sheeter and that Rosenthal agreed to

provide said sheeter.    Rosenthal also admits that the Quotation, Invoice,

Certificate of Origin and Canada Customs Invoice are attached to the Complaint

as Exhibit A.    Rosenthal denies the remaining allegations contained in

paragraph 9.


10.    In addition to the representation made by defendant that the aforementioned sheeter would make at least 30 hits per minute, defendant also promised that the sheeter would be delivered within 90 days from the date that plaintiff paid a deposit of one-third of the purchase price.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 10.


11.    Plaintiff paid the deposit to defendant on September 14, 2005, with that check clearing plaintiff's account on September 23, 2005.

**ANSWER:**    Rosenthal admits that it received a check for one-third of the purchase price of the

sheeter on September 16, 2005.  That payment was later returned to plaintiff.


12.    Contrary to the aforementioned representations and contractual terms, the sheeter was not delivered to plaintiff until April 6, 2006.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 12.


13.    Further in breach of the defendant's representations and the terms of the parties' agreement, the sheeter did not, and does not, operate so as to produce 30 hits per minute and, indeed, will not even reach 20 hits per minute and has jammed and otherwise malfunctioned despite efforts to correct the malfunctions.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 13.


14.    As a result of defendant's breach of the aforementioned agreement and representations, plaintiff has been damaged by:  the loss of monies it has paid for the sheeter; the inability to fill its customers orders; the inability to accept certain new orders from its previous

customers and prospective customers; increased labor costs; the cost of outside contractors; the additional waste of product; and, the loss of good will, all in excess of $1,000,000.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 14.

## COUNT I

### (Breach of Contract)

15.    Plaintiff realleges paragraphs 1-14 as if fully set forth herein.

**ANSWER:**    Rosenthal realleges and incorporates by reference its answers to paragraphs 1

through 14 above as though fully set forth herein.

16.    Plaintiff has performed, and caused to be performed, all of its obligations under the contract and any and all conditions precedent to defendant's obligations have been satisfied.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 16.

17.    Defendant is in material breach of the terms of its agreement with plaintiff.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 17.

18.    As a direct and proximate result of defendant's breach of contract, plaintiff has suffered and will suffer damages in excess of $1,000,000.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 18.

## COUNT II

### (Breach of Express Warranty)

19.    Plaintiff realleges paragraphs 1-14 as if fully set forth herein.

**ANSWER:**    Rosenthal realleges and incorporates by reference its answers to paragraphs 1

through 18 above as though fully set forth herein.

20.    Defendant has breached the express representations, statements and warranty that the sheeter it would supply to plaintiff would be fully operational and produce 30 hits per minute.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 20.


21.    As a result of the foregoing breach of express warranty, plaintiff has been damaged in excess of $1,000,000.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 21.


## COUNT III

### (Breach of Implied Warranty of Merchantability)

22.    Plaintiff realleges paragraphs 1-14 as if fully set forth herein.

**ANSWER:**    Rosenthal realleges and incorporates by reference its answers to paragraphs 1

through 21 above as though fully set forth herein.


23.    Defendant's sale of the sheeter, in the defective condition described above, was in breach of defendant's implied warranty of merchantability.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 23.


24.    As a result of the foregoing breach of the implied warranty merchantability, plaintiff has been damaged in excess of $1,000,000.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 24.


## COUNT IV

### (Breach of Implied Warranty of Fitness for a Particular Purpose)

25.    Plaintiff realleges paragraphs 1-14 as if fully set forth herein.

**ANSWER:**    Rosenthal realleges and incorporates by reference its answers to paragraphs 1

through 24 above as though fully set forth herein.


26.    Defendant knew the particular purpose for which the sheeter was to be used by plaintiff.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 26.

27.     Defendant knew that plaintiff was relying on defendant's skill and judgment to supply plaintiff with a suitable sheeter.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 27.


28.     The sheeter that defendant delivered to plaintiff was not fit for the particular purposes for which plaintiff ordered the sheeter.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 28.


29.     As a result of the foregoing breach of warranty of fitness for a particular purpose, plaintiff has been damaged in excess of $1,000,000.

**ANSWER:**    Rosenthal denies the allegations contained in paragraph 29.


Dated:  January 23, 2008                                Respectfully Submitted,

                                                        **ROSENTHAL MANUFACTURING COMPANY, INC.**

                                            By:  /s/ Brett Nolan
                                                 One of Its Attorneys

Brett Nolan (ARDC No. 6256972)
SHEFSKY & FROELICH LTD.
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Telephone:     (312) 527-4000
Facsimile:     (312) 527-4011
E-Mail:  bnolan@shefskylaw.com
1069844_1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies and states that a true and accurate copy of the foregoing

**ROSENTHAL MANUFACTURING COMPANY, INC.'S ANSWER TO COMPLAINT**

was filed electronically with the Clerk of the Court on this 23rd day of January, 2008, using the

CM/ECF system, a copy of this electronic filing will be delivered to counsel of record via

facsimile and First-Class U.S. Mail as follows:

George E. Weaver
Law Office of George E. Weaver
105 East First Street
Suite 203
Hinsdale, Illinois 60521
Telephone:  (630) 321-9810
Facsimile:  323-8260
ARDC #2953412
E-Mail:


                        /s/ Brett Nolan